BURT & MASON *v.* DAVID HURLBURT, AND FRANCIS SLASON, Trustee.

Where, by the terms of a lessee's covenant, the rent was to be paid by him in discharge of the debts owed by the lessor, and the lessor, at the time of executing the lease, delivered to the lessee a writing, specifying certain of his creditors, and requesting the lessee, out of the rent, to pay whatever was due to them from the lessor, and it did not appear that the creditors named ever accepted the provision thus made for them, or that the trustee ever promised to pay them, it was held that the proceedings were inoperative in this respect, and that the lessee was chargeable as trustee of the lessor for the amount of the rent.

The husband's right to the use of his wife's land ceases, upon a divorce *a vinculo*. *Semb.*

TRUSTEE PROCESS. The trustee Slason disclosed, that, on the 27th of November, 1840, the said David Hurlburt executed to him a lease of certain premises, which Hurlburt held in right of his wife, Lucy Hurlburt, for which Slason covenanted to pay an annual rent of $80 ; and that, by the terms of the covenant, the rent was " first to be applied to pay the debts owed by the said Hurlburt, and next

the debts owed by the said Hurlburt and his wife, according to a list of the same, to be made by the said Hurlburt;" and after the same were paid, then one half of the rent was to be paid to Hurlburt, and the balance to his wife. That on the same day Hurlburt gave to said Slason a writing, specifying the names of certain creditors, and requesting him to pay whatever claims they might have upon said Hurlburt, and to pay the residue, if any, to his creditors generally. It appeared that Hurlburt was divorced from his wife Feb. 5, 1842.

The trustee further disclosed, that, Nov. 28, 1840, he executed to Hurlburt a promissory note for $690.12, payable to him, or order, in three years from that date. The writ in this case was served Dec. 1, 1840.

The court adjudged said Slason trustee for the sum of $136.41. Exceptions by trustee.

———— ———— for trustee.

*Thrall* for plaintiffs.

The opinion of the court was delivered by

WILLIAMS, Ch. J.  The county court have adjudged Slason trustee, and, unless it appears from the disclosure, or from facts found by the county court, that some erroneous decision of a question of law has been made, the judgment of the county court must be affirmed.

From the disclosure it appears that Slason executed a negotiable promissory note, payable to Hurlburt, or order, for $690.12 ; no question is made as to that note ; at the time it was given, and when the writ in this case was served, it was not subject to the trustee process. The trustee was held chargeable for the rent due and accruing up to the time Hurlburt and his wife were divorced. This amount was in his hands, and had not been assigned to any person. The request signed by Hurlburt to Slason, to pay his several creditors, named in the disclosure, was not accepted by them. There was no transfer to them, and it does not appear that the trustee ever agreed or promised to pay them. He remained a debtor to Hurlburt, the principal defendant, for that amount, and was rightly adjudged trustee.

The judgment of the county court is affirmed.